O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3143 CAS (JCx) | Date | December 5, 2011 |
|---|---|---|---|
| Title | SEAN MUNEKIYO v. CAPITAL ONE BANK, N.A., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| RITA SANCHEZ | N/A | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   **(In Chambers:) CAPITAL ONE DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT** (filed 10/3/2011)

## I.   INTRODUCTION

On April 13, 2011, plaintiff Sean Munekiyo ("plaintiff") filed the instant class action complaint against defendants Capital One Bank (USA) N.A. ("Capital One Bank"), Capital One Services, LLC ("Capital One Services") (collectively, "Capital One Defendants"), NCO Financial Systems, Inc. ("NCO"), and Does 1–10. On September 2, 2011, plaintiff filed a first amended complaint ("FAC"). The FAC alleges six violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., against NCO: (1) falsely representing the character, amount or legal status of any debt; (2) use of deception to collect a debt; (3) failing to identify communications as an attempt to collect a debt; (4) true name of the debt collector's business, company, or organization; (5) use of unfair or unconscionable means to collect a debt; and (6) failing to provide a debt validation notice.[1] The FAC asserts four additional claims against all defendants: (7) deceptive acts and practices in violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788 et seq.; (8) violation of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1770 et seq.; (9) violation of California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; and (10) common law fraud.

On October 3, 2011, the Capital One Defendants filed a motion to dismiss the four

---

[1] See 15 U.S.C. §§ 1692e (2), (10), (11), (14), 1692f, and 1692g(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-3143 CAS (JCx) | Date | December 5, 2011 |
|---|---|---|---|
| Title | SEAN MUNEKIYO v. CAPITAL ONE BANK, N.A., ET AL. | | |

claims asserted against them in the FAC.[2]  Plaintiff filed his opposition on November 7, 2011, and the Capital One Defendants filed their reply on November 21, 2011.  After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff maintains a credit card account with Capital One Bank.  See FAC ¶ 8.  By April, 2010, plaintiff owed back payments of approximately $7,500.  Mot. at 1.  On April 29, 2010, Capital One Services, a subsidiary of Capital One that provides services for Capital One Bank and other affiliates, sent plaintiff a letter informing him that his account was eligible for a 0% Annual Percentage Rate ("APR") if he agreed to enter a repayment plan (the "Letter").  FAC ¶ 18.[3]  The Letter, printed on "Capital One" letterhead, displays in prominent bold text "**Pay Over Time**" with "**0% APR**" directly underneath in the upper right hand corner, along with a toll-free telephone number for consumers to call.  Id. ¶ 18, Exh. A (emphasis in original).  The body of the letter states:

> We realize circumstances can sometimes make it difficult to manage your finances.  The good news is—there is a way to pay it off.
>
> Your account is eligible to have the Annual Percentage Rate ("APR") reduced to 0% provided you call [toll-free number] to make arrangements for an acceptable

---

[2] NCO filed its answer to the FAC on October 3, 2011.  Accordingly, the claims against NCO, including the six alleged violations of the FDCPA, are not at issue for purposes of the present motion.  Furthermore, plaintiff notes his non-opposition to the Capital One Defendants' motion to dismiss the CLRA, UCL, or common law fraud claims as to the Capital One Defendants.  Opp'n at 1 n.1.  The Court GRANTS the motion insofar as it involves those claims.  Thus, the only claim presently at issue is the seventh claim for violations of the RFDCPA against the Capital One Defendants.

[3] A copy of the letter is attached to the FAC as Exhibit A.  Because a court may consider exhibits submitted with or alleged in the complaint, the Court may rely on the substance of the letter for purposes of this motion.  See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3143 CAS (JCx) | Date | December 5, 2011 |
|---|---|---|---|
| Title | SEAN MUNEKIYO v. CAPITAL ONE BANK, N.A., ET AL. | | |

repayment plan. After you have made acceptable arrangements, your APR will be reduced to 0% within 8 days.

\* \* \*

[Signed] Capital One Services, LLC.

P.S. Call today at [toll-free number] to make payment arrangements and start to resolve your debt.

Id.

At the bottom of the first page, bold text states: "**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**" Id. (emphasis in original). The back of the letter provides:

**1. Who We Are and Who We Service.** Capital One Services, LLC is a subsidiary of Capital One, National Association, and services the following Capital One affiliated companies:

- Capital One Bank (USA), National Association;

- Capital One, National Association; and

- Capital One Auto Finance. Inc.

The name of your creditor has been previously disclosed to you and is identified for purposes of this letter by the creditor name and/or your Account number on the front. Unless another servicer is disclosed in this letter or has been separately disclosed to you as the current servicer of your Account, we are the current servicer of your Account.

**2. State and Local Disclosures.** The following disclosure is required by state or local law if your Account involves a debt primarily for personal, family, household or other consumer purpose(s) and you receive this letter in Connecticut, the District of Columbia, Iowa, New York City, North Carolina or Vermont:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3143 CAS (JCx) | Date | December 5, 2011 |
|---|---|---|---|
| Title | SEAN MUNEKIYO v. CAPITAL ONE BANK, N.A., ET AL. | | |

**This is an attempt to collect a (consumer) debt (claim). Any information obtained will be used for that purpose.**

The following disclosure is required by state or local law if your Account involves a debt primarily for personal, family, household or other consumer purpose(s) and you receive this letter in Iowa:

**This communication is from a debt collector.**

The following disclosure is required by state or local law if your Account involves a debt primarily for personal, family, household or other consumer purpose(s) and you receive this letter in Massachusetts:

**NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE CREDITOR.**

The terms used in this Section are defined by applicable state or local law. This is not a complete list of the rights that you might have.

Id. ¶ 19, Exh. A (emphasis in original).

Plaintiff alleges that when he (and other similarly situated consumers) called the toll-free number, he was connected not with a Capital One representative, but with a representative from NCO, a separate debt collection entity. Id. ¶ 22. Plaintiff avers that consumers are "trapped" into speaking with specially-trained collectors rather than customer service representatives of the Capital One Defendants, and that the 0% APR "pay over time" offer is illusory because defendants only stop the accrual of interest if the consumer makes a "lump sum" payment. Mot. at 5; FAC ¶¶ 27–28.

**III. LEGAL STANDARD**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3143 CAS (JCx) | Date | December 5, 2011 |
|---|---|---|---|
| Title | SEAN MUNEKIYO v. CAPITAL ONE BANK, N.A., ET AL. | | |

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3143 CAS (JCx) | Date | December 5, 2011 |
|---|---|---|---|
| Title | SEAN MUNEKIYO v. CAPITAL ONE BANK, N.A., ET AL. | | |

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

Plaintiff's third claim alleges violations of the RFDCPA, Cal. Civ. Code §§ 1788.13(a), (i), & (l), and § 1788.17. Section 1788.13 states, in pertinent part:

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (a) Any communication with the debtor other than in the name either of the debt collector or the person on whose behalf the debt collector is acting;
>
> * * *
>
> (i) The false representation of the true nature of the business or services being rendered by the debt collector; [or]
>
> * * *
>
> (l) Any communication by a licensed collection agency to a debtor demanding money unless the claim is actually assigned to the collection agency.

Cal. Civ. Code §§ 1788.13(a), (i), & (l).

Section 1788.17 states:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3143 CAS (JCx) | Date | December 5, 2011 |
|---|---|---|---|
| Title | SEAN MUNEKIYO v. CAPITAL ONE BANK, N.A., ET AL. | | |

and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal.

Cal. Civ. Code § 1788.17.

Plaintiff avers that defendants communicated with plaintiff "using names other than their own" by not indicating that the Letter was sent on behalf of both the Capital One Defendants and NCO. FAC ¶ 89. Plaintiff further alleges that defendants "failed to disclose that the consumer[']s account was handled by NCO Collections." Id. ¶ 90. Finally, plaintiff alleges that "[b]y virtue of their act and practices in violation of [the FDCPA], defendants violated [the RFDCPA]." Id. ¶ 92.

The Capital One Defendants move to dismiss the RFDCPA claim against Capital One Bank on the ground that Capital One Bank is not a "debt collector" under the RFDCPA. Mot. at 6. The Capital One Defendants also assert that the "plain language" of the Letter discloses that: (1) plaintiff's debt was not in the hands of Capital One Bank; (2) calls to the toll-free number could be routed to an external agency; (3) the 0% APR offer is not guaranteed; and (4) its purpose is to collect a debt. Id. at 7–10. The Capital One Defendants further argue that plaintiff has failed to allege that the Capital One Defendants are "licensed collection agencies." Id. 11.

In opposition, plaintiff argues that Capital One Bank is a debt collector because "Capital One Bank was part of the scheme to trick consumers into calling NCO." Opp'n at 8. Plaintiff also contends that the Letter "deceive[s] and mislead[s]" the least sophisticated debtor in five respects. Id. at 10–18. First, plaintiff argues that the 0% APR offer is "false" because an offer to make a lump sum payment in order to reduce interest rates is not a "pay over time" scheme as the letter indicates. Id. at 10. Second, plaintiff contends that a consumer who calls the toll-free number is transferred to NCO "without warning or disclosure" which is a "prime example of a collection abuse." Id. at 10–11 (relying on Wood v. Capital One Servs., LLC, 718 F. Supp. 2d 286, 292 (N.D.N.Y. 2010), Knoll v. Allied Interstate, Inc., 502 F. Supp. 2d 943, 946 (D. Minn. 2007), and Sohns v. Bramacint, LLC, 2010 WL 3926264 (D. Minn. 2010)). According to plaintiff, "[b]y omitting reference to NCO from the Letter there was no reasonable expectation on the part of the consumer that he or she would be connected to a third part[y] debt collector NCO . . . rather than one of the Capital One Defendants." Id. at 13.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3143 CAS (JCx) | Date | December 5, 2011 |
|---|---|---|---|
| Title | SEAN MUNEKIYO v. CAPITAL ONE BANK, N.A., ET AL. | | |

Plaintiff argues that the disclosure on the back of the Letter does not cure the alleged deficiency because "[c]onditional language, particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability." Id. (quoting Gonzales v. Arrow Fin. Servs., LLC., --- F.3d ---, 2011 WL 4430844, *5 (9th Cir. 2011)). Third, plaintiff asserts that "the Letter does not clearly communicate who it is from or that it is from a debt collector." Opp'n at 15–16 (arguing that the least sophisticated consumer would be "bewildered" about who was trying to collect his debt because the Letter does not disclose "*all* those who are attempting to collect" it) (emphasis in original). Fourth, plaintiff contends that the Letter misrepresents the account's legal status "by creating the false impression that the [plaintiff's] account remained with the Capital One Defendants when in fact it had been sent to NCO." Id. at 17. Finally, plaintiff argues that the Capital One Defendants acted wrongfully "by communicating with [plaintiff] at a time when his account had actually been assigned to NCO" in violation of Cal. Civ. Code § 1788.13(l). Id.

Capital One Defendants reply that the Letter contains the "required disclosure" that it is a communication from Capital One Services to collect a debt on behalf of plaintiff's creditor, Capital One Bank, and that "[n]ot even the least sophisticated consumer could be confused as to who sent the Letter and for what purpose it was sent." Reply at 2, 5. Capital One Defendants argue that the Letter "goes a step further and discloses the possibility that an external agency may be servicing the account by the time the recipient calls the toll free number." Id. at 2–3. According to Capital One Defendants, the RFDCPA requires the external agency to disclose to the consumer that it was attempting to collect a debt once the toll-free number is called, and that "there are no allegations in the First Amended Complaint that this external agency failed to abide by its separate disclosure requirements." Id. at 3. Capital One Defendants further argue that the RFDCPA and FDCPA specifically require "the debt collector—not the creditor or its account-servicing arm—to disclose in the initial communication with a debtor that it is a debt collector attempting to collect a debt." Id. (citing 15 U.S.C. § 1692e(11) and Cal. Civ. Code § 1788.17). Capital One Defendants contend that plaintiff "seeks to trump these legislative decisions regarding how specifically a debt collector's involvement should be disclosed using the statutes' general prohibition against deceptive and misleading communications." Reply at 3. Moreover, Capital One Defendants argue that everything in the Letter is true, that routing calls is not misleading, that the 0% APR offer is not "false," and that plaintiff's claim under Cal. Civ. Code § 1788.13(l) fails because the FAC alleges his debt was assigned to both Capital One Services and NCO. Id. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3143 CAS (JCx) | Date | December 5, 2011 |
|---|---|---|---|
| Title | SEAN MUNEKIYO v. CAPITAL ONE BANK, N.A., ET AL. | | |

5–10.

The Court finds that plaintiff's seventh claim should be dismissed. The RFDCPA, like its federal counterpart the FDCPA, "is designed to protect consumers from unfair and abusive debt collection practices." Robinson v. Managed Accounts Receivable Corp., 654 F. Supp. 2d 1051, 1060 (C.D. Cal. 2009). Whether or not a communication or debt collection practice is deceptive under the RFDCPA is determined from the standpoint of the "least sophisticated debtor." See Wade v. Reg'l Credit Assoc., 87 F.3d 1098, 1100 (9th Cir. 1996) (applying standard to FDCPA). The "least-sophisticated consumer" standard is a question of law to be measured objectively. Swanson v. S. Or. Credit Serv., Inc., 869 F.2d 1222, 1227 (9th Cir. 1988); Hosseinzadeh v. M.R.S. Assoc., Inc., 387 F. Supp. 2d 1104, 1114 (C.D. Cal. 2005). "The Court must balance this debtor-friendly framework by protecting legitimate debt collectors from unreasonable interpretations of collection letters." Cruz v. MRC Receivables Corp., 563 F. Supp. 2d 1092, 1096–97 (N.D. Cal. 2008).

As an initial matter, the Court finds that plaintiff has failed to allege Capital One Bank is a "debt collector" within the meaning of Cal. Civ. Code § 1788.2(b). Paragraph 10 of the FAC alleges that Capital One Bank "regularly engages in debt collection and is therefore a 'debt collector' within the meaning of Cal. Civ. Code § 1788.2(c)." FAC ¶ 10. But plaintiff's "conclusory labeling of [the defendant] as a 'debt collector,' without further substantiation, fails to state a claim under the RFDCPA." Sanchez v. U.S. Bancorp, 2009 WL 3157486, *6 (S.D. Cal., Sept. 25, 2009) (citing Twombly, 550 U.S. at 555). Furthermore, plaintiff's allegations that defendants collectively "devised" a program to "funnel" telephone calls from consumers to NCO does not provide a factual basis on which to conclude that Capital One Bank is a debt collector. FAC ¶¶ 15–16; Iqbal, 129 S.Ct. at 1951 (holding that the plaintiff failed to state a claim because he merely alleged that certain defendants were the "principal architect[s]" of a discriminatory scheme and "instrumental" in implementing that scheme). Accordingly, the Court GRANTS Capital One Defendants' motion to dismiss the RFDCPA claim as to Capital One Bank without prejudice.

The Court will address the remaining RFDCPA sections in turn.

**A. Misleading or Deceptive Practices in Alleged Violation of Cal. Civ. Code §§ 1788.13(a) & (i)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3143 CAS (JCx) | Date | December 5, 2011 |
|---|---|---|---|
| Title | SEAN MUNEKIYO v. CAPITAL ONE BANK, N.A., ET AL. | | |

Cal. Civ. Code § 1788.13(a) prohibits communication with a debtor using a false name and § 1788.13(i) prohibits misrepresentation of services being rendered by a debt collector. Plaintiff argues that Capital One Defendants violated these provisions in two ways: first, by failing specifically to disclose NCO in the letter, and second, by offering an "illusory" promise of 0% APR financing.

### 1. Failing Specifically to Disclose NCO in the Letter

Plaintiff argues that the Capital One Defendants violated the RFDCPA by not defining "external agencies" in the Letter or otherwise indicating that NCO may be involved in debt collection. Opp'n at 15–16. The Second Circuit recently rejected this exact argument. See Rogers v. Capital One Servs., LLC, 2011 WL 5829688 (2d Cir., Nov. 21, 2011). Rogers involved claims against Capital One Defendants under the FDCPA and a parallel Connecticut debt collection statute arising out of a letter plaintiff had received from Capital One Services that is nearly identical to the letter at issue here. Id. In affirming the district court's dismissal of plaintiff's claims against Capital One Defendants, the court held that the plaintiff could not "plausibly allege deception from the mere fact that [the third party debt collector URS] is not identified by name as the particular external agency that Capital One Services will use for servicing [plaintiff's] debt." Id. at *2. The court noted:

> [Plaintiff] does not allege that Capital One Services or URS ever failed to use their true name in dealing with [plaintiff.] At most, it complains of a failure to identify URS as the external agency that Capital One Services would use on [plaintiff's] account. *Because the letter sent by Capital One Services informed* [plaintiff] *of the possible involvement of such an external agency*, if not the exact identity of such agency, he cannot plausibly state a claim for a violation of § 1692e(14).

Id. (emphasis added).

Here, as in Rogers, the Letter discloses that an external agency may be servicing plaintiff's account.[4] FAC ¶ 19, Exh. A (noting that an outside servicer may be

---

[4] At oral argument, plaintiff argued that unlike in Rodgers, here the plaintiff has alleged that the Capital one Defendants have caused confusion as to the identity of the

Case 2:11-cv-03143-CAS-JC  Document 35  Filed 12/05/11  Page 11 of 14  Page ID #:222

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3143 CAS (JCx) | Date | December 5, 2011 |
|---|---|---|---|
| Title | SEAN MUNEKIYO v. CAPITAL ONE BANK, N.A., ET AL. | | |

"separately disclosed" to the consumer). The Capital One Defendants were not obligated to specifically disclose NCO, and there are no allegations in the FAC that NCO failed to abide by its own disclosure requirements.[5] Rogers, 2011 WL 5829688 at *2.

Accordingly, the Court finds that the Letter is not misleading or deceptive merely because it fails to disclose NCO as the external debt servicer.[6] The Court GRANTS the

---

debt collectors and that such confusion is actionable under the RFDCPA. Plaintiff's argument misses the point, however, because the Second Circuit held that disclosing "the possible involvement" of an external agency satisfied Capital One Service's burden under the RFDCPA. See Rogers, 2011 WL 5829688 at *2. It is sufficient that the Letter apprised the plaintiff that a third-party creditor may be involved, regardless whether the plaintiff knew the exact identity of that third party. See id.

[5]Moreover, the Letter would not cause the least sophisticated consumer to be misled into believing that the account remained with the Capital One Defendants when the Letter clearly states that an external agency may be servicing plaintiff's account. See 15 U.S.C. § 1692e(2)(A).

[6]Furthermore, the Court is unpersuaded by plaintiff's contention that routing the toll-free number to NCO constitutes a misleading or deceptive practice in violation of the RFDCPA because, again, the Letter specifically discloses that an external agency could be handling a given consumer's debt. FAC ¶ 19, Exh. A. The cases relied upon by plaintiff are inapposite. First, in Wood, the court held that a reasonable consumer would expect to be connected with Capital One Services because the letter at issue "omitt[ed] mention of any third party involvement," unlike the Letter here that clearly states possible involvement of an external agency. Cf. Wood, 718 F. Supp. 2d at 292. Second, both Knoll and Sohns involved affirmative deception on the part of a debt collector in an attempt to deceive a debtor into speaking with them. See Knoll, 502 F. Supp. 2d at 945 (holding that the debt collector violated consumer protection laws by causing the name "Jennifer Smith" to appear on the debtor's caller ID in an attempt to "lure" the debtor to answer the telephone, despite the fact that the debtor had previously informed the debt collector to stop calling him because the limitations period had run); Sohns, 2010 WL 3926264 at *1 (holding that the use of caller ID "spoofing" to "ma[ke] it look like [the agent] was [the debtor's] mother-in-law so that she would answer the call" violated the FDCPA). Finally, the "conditional" language in Gonzales was found to be misleading

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3143 CAS (JCx) | Date | December 5, 2011 |
|---|---|---|---|
| Title | SEAN MUNEKIYO v. CAPITAL ONE BANK, N.A., ET AL. | | |

Capital One Defendants' motion under this theory without prejudice.

### 2. 0% APR Financing Offer

Plaintiff argues that the 0% APR offer is "false" because "when a consumer tries to accept they are instead only offered the opportunity to pay a lump sum with no interest." Opp'n at 10; FAC ¶ 27. The plain language of the Letter, however, belies plaintiff's assertions. The Letter states that the consumer's account "is eligible" to have the APR reduced to 0% "provided you . . . make arrangements for an acceptable repayment plan. *After you have made acceptable arrangements, your APR will be reduced to 0%.*" FAC ¶ 18, Exh. A (emphasis added). Thus, the least sophisticated consumer would not be misled into believing a call to the toll-free number would guarantee a 0% APR financing plan for repaying outstanding debt. See Cruz, 563 F. Supp. 2d at 1097 (noting that courts must protect "legitimate debt collectors from unreasonable interpretations of collection letters").[7]

Accordingly, the Court GRANTS the Capital One Defendants' motion without prejudice insofar as plaintiff alleges the 0% APR financing offer is false and misleading.

### B. Communicating With Plaintiff When His Account Had Been Transferred to NCO in Alleged Violation of Cal. Civ. Code § 1788.13(l)

---

because it was impossible and illegal for the debt collector to satisfy the condition, in contrast to the present case in which the Capital One Defendants are not prohibited to assign plaintiff's debt to an external agency. Cf. Gonzales, --- F.3d ---, 2011 WL 4430844 at *4–5.

[7]Moreover, the FAC alleges that "[c]onsumers who call to receive the offer are informed that a 0% APR pay over time plan is available only if a lump sum payment is made." FAC ¶ 27. It does not, however, allege that a consumer must pay off his or her *full* balance to receive 0% APR. Thus, as currently pled, the FAC plausibly suggests that an "acceptable payment plan" to trigger 0% APR financing is predicated on first making a "lump sum" payment, because "lump sum" does not necessarily mean "payment in full."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3143 CAS (JCx) | Date | December 5, 2011 |
|---|---|---|---|
| Title | SEAN MUNEKIYO v. CAPITAL ONE BANK, N.A., ET AL. | | |

Cal. Civ. Code § 1788.13(l) prohibits a collection agency from "demanding money [from a debtor] unless the claim is actually assigned to the collection agency." Plaintiff argues that the Capital One Defendants violated this section by sending him the Letter when his account had been transferred to NCO. Opp'n at 17. There are two problems with plaintiff's argument: first, the Letter does not "demand[] money" from plaintiff. Second, the FAC alleges that plaintiff's debt was assigned to both NCO *and* Capital One Services. See FAC ¶ 61 (alleging that the debt "was transferred to Capital One Collections and NCO Collections, i.e. debt collectors, for handling"). Capital One Services could not have run afoul of § 1788.13(l)'s prohibitions if, as the FAC alleges, the debt had been assigned to Capital One Services.

Accordingly, the Capital One Defendants' motion is GRANTED as to plaintiff's claim insofar as it arises under Cal. Civ. Code § 1788.13(l).

### C. Unfair or Unconscionable Means to Attempt to Collect a Debt in Alleged Violation of Cal. Civ. Code § 1788.17

Plaintiff alleges that the Capital One Defendants violated Cal. Civ. Code § 1788.17 via 15 U.S.C. § 1692f because their alleged practices are an "unfair and unconscionable means to collect or attempt to collect a debt." FAC ¶ 81. Plaintiff asserts no new bases for this claim other than to incorporate by reference his previous allegations. Because the Court finds that the Letter is neither misleading nor deceptive, plaintiff's "unfair or unconscionable" claim must also fail. See Moya v. Chase Cardmember Serv., 661 F. Supp. 2d 1129, 1133 (N.D. Cal. 2009) ("Having found that plaintiff has failed to state a claim that the accused language is false and deceptive . . . he has also failed to state a claim that it is unfair or unconscionable.").

Accordingly, the Capital One Defendants' motion is GRANTED insofar as plaintiff alleges "unfair or unconscionable" means to attempt to collect a debt.

### IV. CONCLUSION

In accordance with the foregoing, the Capital One Defendants' motion is GRANTED in its entirety without prejudice. Plaintiff shall have twenty (20) days to file an amended complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3143 CAS (JCx) | Date | December 5, 2011 |
|---|---|---|---|
| Title | SEAN MUNEKIYO v. CAPITAL ONE BANK, N.A., ET AL. | | |

IT IS SO ORDERED.

|  |  |
|---|---|
|  | 00 : 00 |
| Initials of Preparer | RS |